IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KELLY D. LAROSE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:11-0094 |
| | ) | |
| vs. | ) | Judge Campbell |
| | ) | Magistrate Judge Knowles |
| BUFFALO VALLEY, INC. | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d)(2), the parties submit this Proposed Initial Case Management Order in anticipation of their case management conference scheduled for January 23, 2012 at 10:00 a.m.

1. **Jurisdiction and Venue**: The Court has jurisdiction of this case pursuant 28 U.S.C. § 1331 and 1332. Venue is proper in the Columbia division.

2. **Parties' Theory of the Case**:

a. **Plaintiff's Theory of the Case**: Plaintiff alleges violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"): the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; and wrongful termination under Tennessee common law and Tennessee Public Protection Act, T.C.A. § 50-1-304 ("TPPA).

In particular, Plaintiff was discriminated and retaliated against in the terms and conditions of her employment on the basis of taking protected medical leave. At no time did Defendant provide Plaintiff adequate statutory notice that the leave she was taking was FMLA leave, nor did Defendant give Plaintiff sufficient notice or time to provide a medical

certification. Defendant interfered with Plaintiff's ability to qualify for FMLA because Defendant failed to provide written notice to the Plaintiff detailing the specific expectations and obligations of her and explaining any consequences of a failure to meet these obligations as required by 29 C.F.R. § 825.300(c)(1). Further, Defendant failed to give the fifteen day notice as required by 29 C.F.R. § 825.311 and Defendant refused to accept the medical notes Plaintiff offered. As a result of Defendant's FMLA violations, Plaintiff was wrongfully terminated from her employment.

Further, Defendant failed to pay Plaintiff for all the work she was required to perform in the course of her job and in doing so, Defendant also failed to pay Plaintiff overtime wages as required by the FLSA.

As a result of the violations of the FMLA, Plaintiff is entitled to recover unpaid wages, back pay and front pay, liquidated damages, pre-judgment and/or post judgment interest, as well as a mandatory award of attorneys' fees and costs and any other legal and equitable relief to which she may be entitled. As a result of the violations of the TPPA, Plaintiff is entitled to recover back pay and front pay, compensatory and punitive damages, pre-judgment and/or post judgment interest, as well as a reasonable award of attorneys' fees and costs and any other legal and equitable relief to which she may be entitled. As a result of the violations of the FLSA, Plaintiff is entitled to recover her unpaid wages owed, including unpaid overtime, an additional amount as liquidated damages and/or prejudgment interest, as well as an award of attorneys' fees and costs.

  b. **Defendant's Theory of the Case**: The defendant denies that it violated the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., denies that it violated the Fair Labor Standards Act, 29 U.S.C. 201 et seq. and further

denies that it wrongfully terminated the plaintiff or violated the Tennessee Public Protection Act. T.C.A. 50-1-304. The defendant further denies that the plaintiff is entitled to recover any damages against it.

3. **Schedule of Pretrial Proceedings**

   a. **Mandatory Initial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures on or before February 7, 2012.

   b. **Discovery**:

      i. <u>Close of Discovery</u>: All discovery will be completed no later than September 14, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand by September 14, 2012.

      ii. <u>Expert Disclosures</u>: Expert Witness disclosures will be made by Plaintiff on or before July 30, 2012 and by Defendants on or before August 30, 2012. All expert discovery, including, but not limited to depositions, will be completed by October 1, 2012.

      iii. <u>Third Party Subpoenas</u>: The Parties anticipate third party discovery pursuant to Fed. R. Civ. P. 45. The Parties agree to provide each other at least three (3) business days advance notice prior to issuance of a subpoena.

      iv. <u>Discovery Motions</u>: All discovery motions shall be filed on or before October 1, 2012. It is not necessary for parties to confer in a face to face meeting prior to filing discovery motions, but the Parties are required to make a good faith effort to resolve any disputes prior to

engaging in motion practice.

v. Electronic Service: Counsel for the parties agree to serve each other case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

4. **Amendments to Pleadings**: The deadline for filing motions to join parties is May 31, 2012. The deadline for filing motions to amend the pleadings is June 29, 2012.

5. **Dispositive Motions:** Briefs shall not exceed 25 pages. Dispositive motions will be filed no later than October 14, 2012. Responses to dispositive motions shall be due 30 days after the filing of the dispositive motion. Optional replies shall be due 15 days after the filing of the response.

6. **Trial**: The Target Trial (jury) date is April 16, 2013, in Columbia. The Parties anticipate it will take up to three to four days to try.

IT IS SO ORDERED.  Respectfully submitted,

E. Clifton Knowles
U.S. Magistrate Judge

*/s Heather Moore Collins*
Heather Moore Collins (#26099)
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615)724-1996
 (615)691-7019 (FACSIMILE)
 heather@hmcollinslaw.com


*Attorney for Plaintiff*


**/***Barry L. Howard***
Barry L. Howard (#5887)